```
 1  MAYER BROWN LLP
    GLENN K. VANZURA (SBN 238057)
 2    gvanzura@mayerbrown.com
    HOLLY A. FARLESS (SBN 312818)
 3    hfarless@mayerbrown.com
    350 South Grand Avenue, 25th Floor
 4  Los Angeles, California  90071-1503
    Telephone:    (213) 229-9500
 5  Facsimile:    (213) 625-0248

 6  JOSEPH DE SIMONE*
      jdesimone@mayerbrown.com
 7  LUC W. M. MITCHELL*
      lmitchell@mayerbrown.com
 8  1221 Avenue of the Americas
    New York, New York 10020
 9  Telephone:    (212) 506-2500
    Facsimile:    (212) 849-5895
10  * pro hac vice applications forthcoming

11  Attorneys for Defendant Sun Hung Kai
    Strategic Capital Limited
12
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL V. TIERNEY 2011 TRUST AND SERENITY INVESTMENTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>SUN HUNG KAI STRATEGIC CAPITAL LIMITED,<br><br>Defendant. | Case No. 5:22-cv-01623<br><br>**NOTICE OF REMOVAL BY DEFENDANT SUN HUNG KAI STRATEGIC CAPITAL LIMITED**<br><br>(Santa Clara Superior Court Case No. 21-cv-391855)<br><br>Date Action Filed:  November 29, 2021 |

## NOTICE OF REMOVAL

Defendant Sun Hung Kai Strategic Capital Limited, through undersigned counsel and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California.

1. On November 29, 2021, Daniel V. Tierney 2011 Trust and Serenity Investments LLC ("Plaintiffs") sued Sun Hung Kai Strategic Capital Limited ("SHK") in the Superior Court of the State of California for the County of Santa Clara.

2. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit 1 is a copy of "all process, pleadings, and orders" that Plaintiffs have purportedly attempted to serve on SHK in this action.[1]

3. In accordance with 28 U.S.C. §1446(d), SHK will promptly serve this notice on Plaintiffs' counsel and file a copy with the clerk of the Superior Court of the State of California for the County of Santa Clara.

4. On February 10, 2022, Plaintiffs purportedly mailed a copy of the summons and complaint to serve SHK. On February 17, 2022, Plaintiffs filed a proof of service of summons, which indicated that the mailing was purportedly delivered on February 14, 2022. *See* Ex. 2 at 6.

5. Under 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure, this removal is timely because SHK removed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (receipt *and* proper service required to start 30-day clock for removal, not "mere receipt of the complaint unattended by any formal service").[2]

6. The time for SHK to respond to the complaint has not yet expired.

**VENUE**

7. Under 28 U.S.C. §§ 84(a) and 1441(a), venue is proper in the United States District Court for the Northern District of California because this Court embraces the Superior Court of the State of California for the County of Santa Clara, where this action was pending at the time of removal.

---

[1] SHK expressly reserves the argument that service was improper and/or not effected.

[2] For the sole purpose of this notice, SHK assumes that Plaintiffs' proof of service correctly indicates that the initial pleading was received on February 14, 2022. To the extent that service was improper and/or not effected, however, the 30-day clock for removal has not started running.

## DIVERSITY JURISDICTION IS PROPER

8. Diversity jurisdiction is proper under 28 U.S.C. § 1332.

9. Upon information and belief, Plaintiffs are citizens of the state of Illinois and not citizens of Hong Kong. Compl. ¶ 2.

10. SHK is a wealth-management firm with its headquarters and principal place of business in Hong Kong. Compl. ¶ 3. For diversity purposes, SHK is an alien.

11. Accordingly, the parties are completely diverse under 28 U.S.C. § 1332(a)(2).

12. The amount in controversy exceeds $75,000. Under the causes of action that it has alleged, Plaintiffs seek damages in excess of $10,000,000. Compl. ¶¶ 33, 39, 55, 61, 65, 70.

13. Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

## CONCLUSION

14. Removal is proper because this action invokes diversity jurisdiction under 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy exceeds $75,000.

15. If any question arises about the propriety of removal, SHK requests an opportunity to submit briefing and present oral argument in support of removal before an order resolves the question.

16. Nothing about this removal waives (or should be construed to waive) any of SHK's available rights, arguments, defenses, or objections.

17. SHK respectfully reserves the right to amend or supplement this notice.

| | | |
|---|---|---|
| 1 | DATED:  March 15, 2022 | **MAYER BROWN LLP** |
| 2 | | |
| 3 | | By: /s/ *Holly A. Farless* <br> GLENN K. VANZURA (SBN 238057) |
| | | *gvanzura@mayerbrown.com* |
| 4 | | HOLLY A. FARLESS (SBN 312818) |
| | | *hfarless@mayerbrown.com* |
| 5 | | 350 South Grand Avenue, 25th Floor |
| | | Los Angeles, California  90071-1503 |
| 6 | | Telephone:        (213) 229-9500 |
| | | Facsimile:         (213) 625-0248 |
| 7 | | |
| | | JOSEPH DE SIMONE* |
| 8 | | *jdesimone@mayerbrown.com* |
| | | LUC W. M. MITCHELL* |
| 9 | | *lmitchell@mayerbrown.com* |
| | | 1221 Avenue of the Americas |
| 10 | | New York, New York 10020 |
| | | Telephone:        (212) 506-2500 |
| 11 | | Facsimile:         (212) 849-5895 |
| | | * *pro hac vice applications forthcoming* |
| 12 | | |
| | | *Attorneys for Defendant Sun Hung Kai* |
| 13 | | *Strategic Capital Limited* |

4