# EXHIBIT 1

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Mark C. Goodman, State Bar No. 154692 / Christina M. Wong, State Bar No. 288171<br>BAKER & McKENZIE LLP, Two Embarcadero Ctr., 11th Fl., San Francisco, CA 94111 | *FOR COURT USE ONLY* |
| TELEPHONE NO.: 415 576 3000        FAX NO. *(Optional)*: 415 576 3099 | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 11/29/2021 5:44 PM<br>Reviewed By: R. Tien<br>Case #21CV391855<br>Envelope: 7750405** |
| E-MAIL ADDRESS: mark.goodman@bakermckenzie.com | |
| ATTORNEY FOR *(Name)*: Plaintiff Daniel V. Tierney 2011 Trust and Serenity Investments LLC | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA | |
| STREET ADDRESS: 191 N. First Street | |
| MAILING ADDRESS: 191 N. First Street | |
| CITY AND ZIP CODE: San Jose, CA 95113 | |
| BRANCH NAME: Downtown Superior Courthouse | |

| CASE NAME:<br>Daniel V. Tierney 2011 Trust and Serenity Investments LLC v. Sun Hung Kai Strategic Capital Ltd. |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] **Unlimited**    [ ] **Limited**<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **21CV391855** |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 29, 2021

Mark C. Goodman                                                                 ►
_____                                    _____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

1   Mark C. Goodman, State Bar No. 154692
      mark.goodman@bakermckenzie.com
2   Christina M. Wong, State Bar No. 288171
      christina.wong@bakermckenzie.com
3   **BAKER & McKENZIE LLP**
    Two Embarcadero Center, 11th Floor
4   San Francisco, CA  94111
    Telephone:  +1 415 576 3000
5   Facsimile:  +1 415 576 3099

6   Attorneys for Plaintiff
    DANIEL V. TIERNEY 2011 TRUST AND SERENITY
7   INVESTMENTS LLC.

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                        **FOR THE COUNTY OF SANTA CLARA**

11

12   DANIEL V. TIERNEY 2011 TRUST AND          Case No. _____
     SERENITY INVESTMENTS LLC,
13                                              **COMPLAINT FOR:**
                 Plaintiff,
14                                              1) **CONVERSION;**
           v.                                   2) **RECEIPT OF STOLEN**
15                                                 **PROPERTY (PEN. CODE § 496);**
     SUN HUNG KAI STRATEGIC CAPITAL            3) **UNLAWFUL EXACTION;**
16   LIMITED,                                   4) **FRAUD;**
                                                5) **NEGLIGENT**
17               Defendant.                        **MISREPRESENTATION;**
                                                6) **UNFAIR COMPETITION (CAL.**
18                                                 **BUS. & PROF. CODE § 17200 ET**
                                                   **SEQ.);**
19                                              7) **UNJUST ENRICHMENT**

20

21

22

23

24

25

26

27

28

Plaintiff Daniel V. Tierney 2011 Trust and Serenity Investments LLC hereby brings this complaint against Defendant Sun Hung Kai Strategic Capital Limited as follows:

**NATURE OF ACTION**

1.      This action arises out of the defendant's wrongful taking of 101,640 shares of Series E Preferred Stock of Social Finance, Inc. ("SoFi") that rightfully belonged to Plaintiff, the defendant's ongoing fraudulent scheme to misappropriate those shares and conceal its wrongdoing and its refusal to return the shares, which have been converted into 177,138 of book-entry shares in SoFi and have substantially increased in value since the defendant wrongfully took possession of them and refused to return them, all of which has caused substantial damages to Plaintiff.

**PARTIES**

2.      Plaintiff is family offices incorporated in the state of Illinois with a principal office in Palo Alto, California.

3.      Defendant is a wealth management firm that invests in alternative investments worldwide, including investing in startups and other companies in Santa Clara County, particularly in the Silicon Valley.  Defendant regularly does business involving California companies like SoFi and Plaintiff, including contracting with such companies and purchasing their shares.  Upon information and belief, the defendant's headquarters are located at 28/F, Lee Garden One 33 Hysan Avenue Causeway Bay, Hong Kong.

**JURISDICTION AND VENUE**

4.      Jurisdiction is proper because the Court has general subject matter jurisdiction. Additionally, Plaintiff's claims arise out of the defendant's tortious conduct in and directed at California, including its tortious conduct directed at Plaintiff in Palo Alto and its fraudulent misrepresentations directed at SoFi in San Francisco, all to Plaintiff's detriment.  All of the parties to this dispute regularly conduct substantial business in California.

5.      Venue is proper in Santa Clara County because a substantial part of the events or omissions giving rise to the underlying claims occurred in this County.  Moreover, the Stock Transfer Agreement, upon which the defendant predicated its fraud, was to be performed in

California and called for the application of California law to any dispute between the parties over the transfer of SoFi shares.

## GENERAL ALLEGATIONS

**The Parties Negotiate A Stock Transfer Agreement For The Sale Of SoFi Shares**

6.      In or around August 2017, Plaintiff's broker, Scenic Advisement, approached Plaintiff with an offer from the defendant to purchase Plaintiff's Series E Preferred Stock in SoFi, a personal finance company based in San Francisco, California.

7.      On August 21, 2017, the parties executed a Stock Transfer Agreement whereby Plaintiff agreed to sell 101,640 Series E Preferred Stock shares in SoFi to the defendant in exchange for $1,641,486.  A true and correct copy of the executed Stock Transfer Agreement is attached hereto as **Exhibit A**.

8.      Shortly after the parties executed the Stock Transfer Agreement, the defendant indicated it wanted to cancel the deal.  As a result, the parties agreed to put the transaction on hold pending a resolution.

**Defendant Wrongfully Takes Possession Of The Shares And Conceals Its Theft**

9.      On or about September 27, 2017, while the share transfer agreement was on hold pursuant to the defendant's request, and without Plaintiff's knowledge or consent, the defendant arranged for Plaintiff's SoFi stock certificates to be transferred to the defendant: PE-82 for 40,656 shares and PE-83 for 60,984 shares.  As a result of the transfer, the stock certificates, which were at the time were fully owned by Plaintiff and rightfully held in Plaintiff's name, were, unbeknownst to Plaintiff, cancelled and reissued under the defendant's name at the defendant's request and/or with the defendant's knowledge.

10.      Shortly thereafter, and without Plaintiff's knowledge, the defendant received the reissued stock certificates under its name from SoFi.  At the time the defendant received the certificates, the defendant had told Plaintiff that it wanted to put the Stock Transfer Agreement on hold, the defendant had not paid Plaintiff for any of the SoFi shares and the defendant had not informed Plaintiff of the reissued stock certificates.  Defendant nonetheless knowingly and

intentionally accepted the certificates and knowingly and intentionally concealed the unauthorized transfer and its receipt of the stock certificates from Plaintiff without paying for the shares.

11.   Between September and December 2017, Plaintiff and the defendant continued to discuss whether the parties would proceed with the Stock Transfer Agreement.  During these discussions, the defendant continued to conceal the material fact that it had already obtained Plaintiff's Series E Preferred Stock in SoFi without Plaintiff's knowledge or consent and without paying Plaintiff for those shares.

12.   In December 2017, the defendant told Plaintiff that it had changed its mind about purchasing Plaintiff's shares of SoFi and, based on that decision, the parties agreed to terminate the sale of Plaintiff's 101,640 shares of Series E Preferred Stock and thereby repudiated the Stock Transfer Agreement.  Plaintiff agreed to the repudiation of the agreement because it expected to retain all of its SoFi shares and dispose of those shares when they rose in value.

13.   At the time of the repudiation of the Stock Transfer Agreement, the defendant was aware that it had taken possession of Plaintiff's shares in SoFi that were the subject of the now-repudiated agreement without informing Plaintiff.  At the time of repudiation, Plaintiff had not received any compensation for the shares that were the subject of the Stock Transfer Agreement, did not intend to transfer ownership of its shares to the defendant and was unaware that the defendant had improperly taken possession of the shares for which it had not paid and that it now claimed it did not want to purchase.  Plaintiff understood at that time that it owned the shares and fully intended to maintain ownership of the shares until it decided to sell the shares for full market value.

14.   Defendant did not disclose to Plaintiff the transfer of the SoFi shares that it had effectuated and did not return the shares to Plaintiff.  Indeed, Plaintiff did not learn that its shares had been misappropriated and, until September 10, 2021, reasonably believed that no-one else was in possession of the SoFi shares that Plaintiff rightfully owned.

/ /

/ /

/ /

**Defendant Submits An Affidavit Falsely Holding Itself Out As The Owner Of The Shares**

15.    On May 13, 2021, SoFi sent a letter to its shareholders regarding a business merger with a publicly-traded special purpose acquisition company ("SPAC").  As part of that announcement, SoFi instructed shareholders to exchange their physical SoFi stock certificates for book-entry SoFi shares ("SPAC shares").  Shareholders that lost their physical stock certificates had the option to submit a lost certificate affidavit to obtain replacement certificates.  A true and correct copy of SoFi's May 13, 2021 letter is attached hereto as **Exhibit B**.

16.    Shortly thereafter receiving the SoFi letter, the defendant executed and submitted to SoFi an Affidavit of Lost Stock Certificate under penalty of perjury, whereby it falsely represented that it was the owner of Plaintiff's shares -- *i.e.*, stock certificates PE-82 and PE-83 -- and requested that SoFi issue the SPAC shares to the defendant for various lots of SoFi shares, including Plaintiff's shares.  A true and correct copy of the defendant's Affidavit of Lost Stock Certificate is attached hereto as **Exhibit C**.

17.    Defendant submitted its affidavit with full knowledge that it was not the actual owner of the PE-82 and PE-83 shares, that it had wrongfully received and retained the SoFi shares and then the SPAC shares and that Plaintiff was at all times the rightful owner of those shares.  At the very least, the defendant should have known, by even the most rudimentary due diligence, that it was not the owner of those shares.

18.    On May 28, 2021, SoFi converted Plaintiff's 101,640 shares of SoFi Series E Preferred Stock to 177,138 SPAC shares held in the defendant's name.

**Plaintiff Learns Of The Defendant's Conversion And Fraud**

19.    In August 2021, Plaintiff contacted SoFi to find out why it had not received its SPAC shares.  SoFi responded to that inquiry by informing Plaintiff that Plaintiff did not receive any SPAC shares because the Series E shares had been transferred to the defendant in September 2017 and that the defendant had submitted an Affidavit of Lost Stock Certificate claiming ownership of those shares in May 2021.

20.     Immediately upon learning of the unauthorized transfer of its SoFi Series E Preferred Stock to the defendant, Plaintiff contacted the defendant and demanded the immediate return of the shares as converted.  In response, the defendant confirmed that it received the Series E Preferred Stock certificates in September 2017, when the parties were still deciding whether to proceed with the Stock Transfer Agreement.  However, the defendant blamed Plaintiff's broker, SoFi and SoFi's outside legal counsel for making the unauthorized transfer and proposed that the parties contact SoFi's counsel to discuss a possible remedy.

21.     While the parties initiated communications with SoFi and its outside counsel, Plaintiff continued to demand that the defendant return the converted 177,138 shares to Plaintiff because, irrespective of the reason that the defendant was in possession of Plaintiff's shares, the fact was the defendant still had Plaintiff's shares and needed to return them.  Defendant initially indicated that it would be willing to return the shares but, on November 3, 2021, the defendant refused to make the transfer and proposed that it instead pay $1,641,486 for the shares -- the amount called for in the repudiated Stock Transfer Agreement from 2017 -- effectively seeking to deprive Plaintiff of the substantial increase in value of the shares.  Plaintiff immediately rejected this proposal and again demanded that the defendant return its shares.

22.     On November 7, 2021, Plaintiff sent a letter to the defendant demanding that it return the SoFi shares as converted no later than November 10, 2021.  Defendant ignored the demand and did not return the shares to Plaintiff.  A true and correct copy of that November 7 correspondence is attached hereto as **Exhibit D.**

23.     As a result of the defendant's unlawful, improper and unfair conduct, the defendant is liable for: (1) conversion; (2) civil penalties for receipt of stolen property under Penal Code section 496; (3) unlawful exaction under Civil Code section 1712; (4) fraud; (5) negligent misrepresentation; (6) unfair competition; and (7) unjust enrichment.

/ /

/ /

/ /

/ /

# FIRST CAUSE OF ACTION

## (Conversion)

24.    Plaintiff hereby incorporates by reference paragraphs 1 through 23 above as though fully set forth herein.

25.    At all times relevant hereto, Plaintiff was and is the rightful owner entitled to possession of 101,640 shares of SoFi Series E Preferred Stock, now converted into 177,138 SPAC shares.

26.    Through fraud and false pretenses, the defendant took possession of and wrongfully retained Plaintiff's shares, to which the defendant was not entitled and has no rightful claim, and concealed its wrongful taking from Plaintiff.

27.    At the time the defendant took wrongful possession of Plaintiff's shares, the defendant knew or should have known that the shares belonged to Plaintiff, that the defendant had not paid any amount for those shares and that the transfer of the shares from Plaintiff to the defendant was unauthorized and without Plaintiff's consent.  Specifically, the defendant knew that the Stock Transfer Agreement under which the parties agreed to transfer Plaintiff's shares was going to be and then was repudiated by the defendant, including the terms of the sale and transfer of Plaintiff's shares.

28.    While in wrongful possession of Plaintiff's shares, the defendant intentionally concealed its wrongful taking and induced Plaintiff to enter into an agreement to repudiate the Stock Transfer Agreement to avoid its obligation to pay for those shares.

29.    Following repudiation of the Stock Transfer Agreement, the defendant failed and refused to return the shares to Plaintiff and has wrongfully retained and continues to retain Plaintiff's property, all to Plaintiff's detriment.

30.    Defendant took affirmative steps to conceal and maintain its wrongful possession of the shares.  In May 2021, the defendant submitted an affidavit under penalty of perjury to SoFi falsely representing the defendant as the owner of stock certificates PE-82 and PE-83, with the intention of inducing SoFi to convert the Series E Preferred Stock the defendant wrongfully took from Plaintiff into 177,138 SPAC shares to be held in the defendant's name.  At the time the

1  defendant submitted the affidavit, it knew or should have known that its representations contained
2  therein were false.

3      31.   Upon discovering the defendant's wrongful taking, Plaintiff promptly demanded that
4  the defendant return its shares.  Despite admitting that the shares belong to Plaintiff, as it must,
5  and despite Plaintiff's repeated demands that the shares be returned immediately, the defendant
6  has refused to return Plaintiff's property, all to Plaintiff's detriment, as Plaintiff has been unable to
7  sell the shares and reinvest the proceeds of that sale because it does not have physical possession
8  of the shares.

9      32.   By intentionally and substantially interfering with Plaintiff's right to possess the
10 shares that it rightfully owns, the defendant has wrongfully converted the shares belonging to
11 Plaintiff.

12     33.   As a direct and proximate result of the defendant's conduct, Plaintiff has been
13 denied use of its property and has been damaged in an amount to be proven at trial but that
14 exceeds $10,000,000.

15     34.   Defendant's acts alleged herein were willful, wanton, malicious and oppressive and,
16 therefore, justify awarding exemplary and punitive damages.

17 **SECOND CAUSE OF ACTION**

18 **(Civil Penalties for Receipt of Stolen Property under Penal Code § 496(c))**

19     35.   Plaintiff hereby incorporates by reference paragraphs 1 through 34 above, as though
20 fully set forth herein.

21     36.   Defendant has wrongfully obtained possession of Plaintiff's SoFi shares through
22 conduct that constitutes theft and conversion under Penal Code section 496.

23     37.   At all relevant times, the defendant knew that the shares of SoFi stock at issue
24 belonged to Plaintiff and were wrongfully obtained through conduct that constitutes theft.

25     38.   In the fall of 2021, while the defendant was in the wrongful possession of Plaintiff's
26 shares, Plaintiff demanded that the defendant return the shares but the defendant refused and still
27 refuses to deliver, and has not delivered, possession of the property, or any part thereof, to
28 Plaintiff.

39.     As a result of this conduct, Plaintiff has been denied use of its property and has been damaged in an amount to be proven at trial but is an amount that exceeds $10,000,000.

40.     Pursuant to Penal Code section 496(c), Plaintiff is entitled to recover three times the amount of its actual damages and an award of reasonable costs and attorneys' fees incurred in bringing this action.

## THIRD CAUSE OF ACTION

### (Unlawful Exaction under Civil Code §1712)

41.     Plaintiff hereby incorporates by reference paragraphs 1 through 40 above, as though fully set forth herein.

42.     Defendant wrongfully exacted the SoFi shares from Plaintiff without Plaintiff's consent or with consent by Plaintiff that was rescinded when the parties repudiated the Stock Transfer Agreement.

43.     As a direct result of the defendant's conduct, Plaintiff has been denied use of its property and is entitled to restoration of that property, the return of its shares and compensation for the loss of use of those shares during the time period they were wrongfully held by the defendant.

44.     Defendant's acts alleged herein were willful, wanton, malicious and oppressive and, therefore, justify awarding exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

### (Fraud)

45.     Plaintiff hereby incorporates by reference paragraphs 1 through 44 above, as though fully set forth herein.

46.     In August 2017, Plaintiff and the defendant entered into a business relationship for the potential sale of Plaintiff's shares in SoFi, as set forth in the repudiated Stock Transfer Agreement.

47.     In September 2017, after the parties had agreed that the defendant would purchase Plaintiff's shares for over $1.6 million, the defendant requested that the sale be placed on hold.

Unbeknownst to Plaintiff, the defendant made this request knowing that it intended to repudiate the agreement.

48.     While the purchase agreement was on hold at the defendant's request, the defendant knowingly and intentionally took possession of 101,640 shares of SoFi Series E Preferred Stock, now converted into 177,138 SPAC shares, that belonged to Plaintiff.  Defendant took possession of these shares despite knowing that they belonged to Plaintiff and despite not paying any amounts for the shares whatsoever.  Defendant further took possession of these shares without Plaintiff's knowledge or consent with the intent and purpose to conceal its receipt of the shares from Plaintiff for as long as possible.

49.     At the time the defendant took wrongful possession of the shares, the defendant knew that the shares belonged to Plaintiff and that the Stock Transfer Agreement under which the parties agreed to the transfer of the shares was put on hold and that the defendant intended to repudiate the agreement and its terms, including the terms of the sale and transfer of the shares, meaning that the defendant did not intend to pay for the shares at the time it took them.

50.     While in wrongful possession of Plaintiff's shares, the defendant intentionally concealed from Plaintiff, among other things, the fact of the transfer of Plaintiff's SoFi shares to the defendant, the fact that SoFi had issued new stock certificates for the shares in the defendant's name and the fact that the defendant had accepted receipt of and taken possession of the SoFi shares despite the defendant's intent to repudiate the Stock Transfer Agreement and the defendant's never having paid any amounts for those shares.  These facts, among others, were known only to the defendant and could not have been discovered by Plaintiff.

51.     Plaintiff was completely unaware of the fact that its SoFi shares had been misappropriated by the defendant.  Neither SoFi nor the defendant provided notice of the unauthorized transfer of Plaintiff's SoFi shares and the defendant intentionally concealed these facts from Plaintiff with the intent to induce Plaintiff to agree to repudiate the Stock Transfer Agreement after the defendant secretly obtained its shares in order to, among other things, avoid its obligation to pay for the shares.

52.     Had the concealed information been disclosed, Plaintiff would have either refused to repudiate the Stock Transfer Agreement and demanded immediate payment for the shares, payment it could have used for other highly profitable investments, or would have demanded the immediate return of the shares so it could have redeemed the shares at an acceptable price and reinvested those proceeds into another highly profitable vehicle.

53.     In addition to concealing material facts from Plaintiff, the defendant made intentional misrepresentations to maintain its wrongful possession of Plaintiff's SoFi shares.  In May 2021, the defendant submitted an affidavit to SoFi under penalty of perjury, falsely representing itself to be the owner of stock certificates PE-82 and PE-83, which the defendant knew belonged to Plaintiff, with the intention of inducing SoFi to convert that Series E Preferred Stock into 177,138 SPAC shares held in the defendant's name.  At the time the defendant submitted the affidavit falsely claiming to own the shares, it knew that its representations were false or it made the representation recklessly, wantonly and without regard for the truth.

54.     Defendant made the misrepresentations to SoFi with the intent that SoFi rely on its representation and issue SPAC shares in the defendant's name.  SoFi relied on that misrepresentation and converted the shares, allowing the defendant to retain wrongful possession of Plaintiff's property, which was a substantial factor in causing damages to Plaintiff.

55.     As a direct and proximate result of the defendant's intentional misrepresentations and omissions, Plaintiff has been damaged in an amount to be proven at trial, which amount is in excess of $10,000,000.

56.     Defendant's acts alleged herein were willful, wanton, malicious and oppressive and, therefore, justify awarding exemplary and punitive damages.

### FIFTH CAUSE OF ACTION

**(Negligent Misrepresentation)**

57.     Plaintiff hereby incorporates by reference paragraphs 1 through 56 above, as though fully set forth herein.

58.     Defendant's May 2021 affidavit signed under penalty of perjury and submitted to SoFi falsely represented that the defendant was the owner of Plaintiff's SoFi Series E Preferred Stock; *i.e.*, stock certificates PE-82 and PE-83.

59.     At the time the defendant submitted the affidavit, its representations were not true and the defendant had no reasonable grounds for believing the representations were true. Defendant knew when it received Plaintiff's shares in September 2017 that the shares belonged to Plaintiff and that the defendant had not paid for them and did not intend to pay for them.  After the defendant convinced Plaintiff to repudiate the Stock Transfer Agreement, by failing to disclose that it had already taken possession of Plaintiff's shares without paying for them, the defendant failed to return the shares to Plaintiff and wrongfully retained possession of Plaintiff's property.

60.     Defendant intended that Plaintiff would agree to the repudiation because it did not know that the defendant had already taken possession of Plaintiff's shares and intended that SoFi would rely on its affidavit and convert Plaintiff's shares of SoFi Series E Preferred Stock into SPAC shares in the defendant's name.  SoFi apparently relied on that misrepresentation and converted the shares, allowing the defendant to retain wrongful possession of Plaintiff's property, which was a substantial factor in causing Plaintiff's ongoing harm.

61.     As a direct and proximate result of the defendant's intentional misrepresentations and omissions, Plaintiff has been damaged in an amount to be proven at trial, which amount is in excess of $10,000,000.

### SIXTH CAUSE OF ACTION

### (Unfair Competition)

62.     Plaintiff hereby incorporates by reference paragraphs 1 through 61 above, as though fully set forth herein.

63.     Defendant intentionally and wrongfully took possession of stock certificates PE-82 and PE-83, which belonged to Plaintiff, and held and/or converted them for its own benefit for the purpose of gaining an unfair advantage over Plaintiff.

64.     Defendant's conversion and fraud constitute unfair business practices as defined by California Business and Professions Code § 17200, *et seq*. and by case and statutory law applicable in California.

65.     As a direct and proximate result of the defendant's misrepresentations, Plaintiff is entitled to restitution in an amount to be proven at trial, which amount is in excess of $4,000,000.

66.     Plaintiff is also entitled to an injunction prohibiting the defendant from disposing of the shares until such time that the Court determines to whom they rightfully belong and what compensation and damages must be paid to Plaintiff.

## SEVENTH CAUSE OF ACTION

### (Restitution/Unjust Enrichment)

67.     Plaintiff hereby incorporates by reference paragraphs 1 through 66 above, as though fully set forth herein.

68.     In September 2017, the defendant received and wrongfully took possession of Plaintiff's shares of SoFi Series E Preferred Stock of SoFi; *i.e.*, stock certificates PE-82 and PE-83.

69.     At all relevant times, the defendant knew that the shares belonged to Plaintiff and that the transfer of the shares to the defendant were unauthorized and without Plaintiff's consent or knowledge.

70.     As a direct result of the defendant's conduct, the defendant has been unjustly enriched and must restore Plaintiff's shares to Plaintiff or pay restitution in an amount to be proven at trial, which amount is in excess of $4,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     For an order directing the defendant to return to Plaintiff 101,640 shares of Series E Preferred Stock of SoFi, as converted into 177,138 SPAC shares;

2.     For damages in an amount to be established according to proof at trial;

3.      For judgment in favor of Plaintiff and enhanced damages, including an award of treble damages as provided under Penal Code section 496, and for punitive and exemplary damages;

4.      For an award of attorneys' fees and costs of suit herein incurred;

5.      For an award to Plaintiff of pre-judgment interest at the legal rate; and

6.      For any further relief as the Court deems just and proper.


Dated:   November 29, 2021                    **BAKER & McKENZIE LLP**


By: _____
       Mark C. Goodman
       Attorneys for Plaintiff
       DANIEL V. TIERNEY 2011 TRUST AND
       SERENITY INVESTMENTS LLC

# EXHIBIT A

## STOCK TRANSFER AGREEMENT

This Stock Transfer Agreement (the "Agreement") is made and entered into as of _August 21, 2017_, by and among __The Daniel V. Tierney 2011 Trust, Serenity Investments LLC__ (the "Transferor"), __Sun Hung Kai Strategic Capital Limited___ (the "Transferee"), and Social Finance, Inc., a Delaware corporation (the "Company").

## AGREEMENT

The parties hereby agree as follows:

1.    **Transfer.** Subject to the terms and conditions of (i) this Agreement, (ii) the Series E Preferred Stock Purchase Agreement dated June 30, 2015 among the Company and the parties thereto, and as amended from time to time (the "Series E Preferred Stock Purchase Agreement"), (iii) the Fifth Amended and Restated Investors Rights Agreement dated March 6, 2017 among the Company, the Transferor, and the parties thereto and as amended from time to time (the "Rights Agreement"), (iv) the Sixth Amended and Restated Voting Agreement dated March 6, 2017 among the Company, the Transferor, and the parties thereto and as amended from time to time (the "Voting Agreement"), and (v) the Fifth Amended and Restated Right of First Refusal and Co-Sale dated March 6, 2017 among the Company, the Transferor, and the parties thereto and as amended from time to time (the "Co-Sale Agreement"), the Transferor hereby agrees to transfer and sell an aggregate of ___101,640__ shares of Series E Preferred Stock of the Company, (the "Transferred Shares") to the Transferee and the Transferee agrees to purchase the Transferred Shares from the Transferor, as of the Closing Date (as defined below), at a purchase price of $_16.15__ per share for a total purchase price of $_1,641,486__.

The Common Stock Purchase Agreement, the Series A Preferred Stock Purchase Agreement, the Series B Preferred Stock Purchase Agreement, the Series C Preferred Stock Purchase Agreements, the Series D Preferred Stock Purchase Agreement, the Series E Preferred Stock Purchase Agreement, and the Series F Preferred Stock Purchase Agreement are collectively referred to herein as the "Purchase Agreements". The Rights Agreement, the Voting Agreement, and the Co-Sale Agreement are collectively referred to herein as the "Related Agreements".

2.    **Closing; Delivery.** The transfer and sale of the Transferred Shares pursuant to this Agreement, the Purchase Agreements, and the Related Agreements shall occur simultaneously with the execution of this Agreement by the parties (the "Closing Date"). Upon the Closing:

(a)    The Transferor hereby delivers to the Company (A) the original stock certificates representing the Transferred Shares for cancellation by the Company (the "Original Stock Certificates") and (B) an Assignment Separate from Certificate in substantially the form attached hereto as Exhibit A executed by the Transferor in favor of the Transferee against payment of the aggregate purchase price for the Transferred Shares of $__1,641,486__, which shall be paid by cash or check.

(b)    The Transferor hereby (A) instructs the Company to cancel the Original Stock Certificates representing all of the Transferred Shares and to issue new stock certificates

evidencing the Transferred Shares in the name of the Transferee (the "Transferee Stock Certificates"), and (B) delivers to the Transferee a counterpart signature page to this Agreement.

(c)     The Company hereby delivers to the Transferee the Transferee Stock Certificates representing the number of Transferred Shares being acquired by the Transferee.

(d)     The Transferee hereby delivers to the Company and the Transferor a counterpart signature page to this Agreement.

3.     **Representations and Warranties of the Transferee.**  In connection with the transfer and sell of the Transferred Shares to the Transferee, the Transferee represents and warrants to the Company that:

(a)     Transferee is purchasing the Transferred Shares for investment for Transferee's own account only and not with a view to, or for resale in connection with, any "distribution" of the Transferred Shares within the meaning of the Securities Act of 1933, as amended (the "Securities Act").

(b)     Transferee understands that the Transferred Shares have not been registered under the Securities Act by reason of a specific exemption therefrom, which exemption depends upon, among other things, the bona fide nature of Transferee's investment intent as expressed herein. Except as set forth in the Rights Agreement, Transferee acknowledges that the Company is under no obligation to register or qualify the Transferred Shares for resale.

(c)     Transferee understands that the Transferred Shares are "restricted securities" under applicable U.S. federal and state securities laws and that, pursuant to these laws, Transferee must hold the Transferred Shares indefinitely unless they are registered with the Securities and Exchange Commission and qualified by state authorities, or an exemption from such registration and qualification requirements is available, or are sold in a transaction not subject to the registration requirements of the Securities Act. Transferee acknowledges that, except as set forth in the Rights Agreement, the Company has no obligation to register or qualify the Transferred Shares for resale. Transferee further acknowledges that if an exemption from registration or qualification is available, it may be conditioned on various requirements including, but not limited to, the time and manner of sale, the holding period for the Transferred Shares, and requirements relating to the Company which are outside of Transferee's control, and which the Company is under no obligation and may not be able to satisfy.

(d)     Transferee will not sell, transfer, pledge or otherwise dispose of any Transferred Shares received by Transferee unless and until (i) the Transferred Shares are subsequently registered under the Securities Act and any applicable state securities laws, or (ii) (A) an exemption from such registration is available thereunder, and (B) Transferee notifies the Company of the proposed transfer and sell and, if requested by the Company, furnishes the Company with an opinion of counsel in a form reasonably satisfactory to the Company that such transfer and sell will not require registration of such Transferred Shares under the Securities Act. In addition, Transferee will not sell, transfer, pledge or otherwise dispose of any Transferred Shares received by Transferee in any manner not permitted under the Purchase Agreements and the Related Agreements. Transferee understands that the Company is not obligated (other than as set forth in the Rights Agreement), and does not intend, to register any such Transferred Shares either under the Securities Act or any state securities laws. Transferee authorizes the Company to

OHSUSA:766750314.1
26190-1

issue stop transfer instructions to its Transferred Shares transfer agent, or, so long as the Company may act as its own transfer agent, to make a stop transfer notation in its appropriate records, in order to ensure Transferee's compliance with this provision.

(e)   Transferee is an "accredited investor", as such term is defined in Rule 501(a) of Regulation D promulgated under the Securities Act.

4.   **Representations and Warranties of the Transferor.**

(a)   The Transferor represents and warrants that the Transferor is the sole legal and beneficial owner of the Transferred Shares and that the Transferred Shares are free and clear of any liens or encumbrances (other than restrictions on transfer under applicable state and federal laws and restrictions under the Purchase Agreements and the Related Agreements). The Transferor further represents that the Transferor has good and marketable title to the Transferred Shares and the right and authority to transfer and sell the Transferred Shares to the Transferee pursuant to this Agreement, the Purchase Agreements and the Related Agreements and without any third party consent. The Transferor has full legal right and capacity to enter into and perform their obligations under this Agreement, the Purchase Agreements and the Related Agreements and to transfer and sell the Transferred Shares under this Agreement, the Purchase Agreements and the Related Agreements.

(b)   The execution, delivery and performance of this Agreement, and the consummation of the transactions contemplated hereby will not result in a violation of, or default under, any instrument, judgment, order, writ, decree or contract known to the Transferor, or an event that results in the creation of any lien, charge or encumbrance upon the Transferred Shares. The Transferor has received as of the Closing all consents or waivers necessary to transfer and sell the Transferred Shares.

(c)   The Transferor has been represented by its own counsel in connection with the transfer and sell of the Transferred Shares or knowingly chose not to consult such counsel and understands the tax and accounting consequences associated with the transfer and sell of the Transferred Shares. The Transferor acknowledges and agrees that they are not relying on any tax, accounting or other advice from the Transferee, the Company or its counsel with respect to the Transferred Shares.

5.   **Agreement to be Bound**.  The Transferee agrees to accept the obligations and limitations of the Transferor as listed below.

(a)   The Transferee agrees to be bound by the terms and conditions of the Purchase Agreements, as if the Transferee was a Purchaser as defined therein. The Transferor hereby grants to the Transferee the rights granted to the Transferor with respect to the Transferred Shares pursuant to the Purchase Agreements.

(b)   The Transferee agrees to be bound by the terms and conditions of the Rights Agreement, as if Transferee was an Investor as defined therein, including without limitation the Lock-Up Agreement in Section 1.14 of the Rights Agreement. The Transferor hereby grants to the Transferee the rights granted to the Transferor with respect to the Transferred Shares pursuant to the Rights Agreement.

OHSUSA:766750314.1
26190-1

(c)     The Transferee agrees to be bound by the terms and conditions of the Voting Agreement, as if the Transferee was an Investor as defined therein. The Transferor hereby grants to the Transferee the rights granted to the Transferor with respect to the Transferred Shares pursuant to the Voting Agreement.

(d)     The Transferee agrees to be bound by the terms and conditions of the Co-Sale Agreement, as if the Transferee was an Investor as defined therein. The Transferor hereby grants to the Transferee the rights granted to the Transferor with respect to the Transferred Shares pursuant to the Co-Sale Agreement.

6.     **Legends.**  The Transferee authorizes the Company and its agents to place on each certificate for Transferred Shares which Transferee may receive pursuant to this Agreement, the Purchase Agreements, and the Related Agreements any legends required under the Purchase Agreements and the Related Agreements and/or state securities laws, including but not limited to the following legends:

(a)     THE SECURITIES REPRESENTED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AND HAVE BEEN ACQUIRED FOR INVESTMENT AND NOT WITH A VIEW TO, OR IN CONNECTION WITH, THE SALE OR DISTRIBUTION THEREOF.   NO SUCH SALE OR DISTRIBUTION MAY BE EFFECTED WITHOUT AN EFFECTIVE REGISTRATION STATEMENT RELATED THERETO OR AN OPINION OF COUNSEL IN A FORM SATISFACTORY TO THE COMPANY THAT SUCH REGISTRATION IS NOT REQUIRED UNDER THE SECURITIES ACT OF 1933.

(b)     THE SHARES EVIDENCED HEREBY ARE SUBJECT TO THE TERMS AND CONDITIONS OF AN AGREEMENT BY AND AMONG THE COMPANY AND CERTAIN STOCKHOLDERS OF THE COMPANY, A COPY OF WHICH IS ON FILE WITH AND MAY BE OBTAINED FROM THE SECRETARY OF THE COMPANY AT NO CHARGE, WHICH PLACES CERTAIN RESTRICTIONS ON THE VOTING OF THE SHARES EVIDENCED HEREBY.  ANY PERSON ACCEPTING ANY INTEREST IN SUCH SHARES SHALL BE DEEMED TO AGREE TO AND SHALL BECOME BOUND BY ALL THE PROVISIONS OF SAID AGREEMENT.

The Transferee agrees that, in order to ensure compliance with the restrictions imposed by this Agreement, the Purchase Agreements, and the Related Agreements, the Company may issue appropriate "stop-transfer" instructions to its transfer agent, if any, and if the Company transfers its own securities, it may make appropriate notations to the same effect in its own records.

7.     **Company.**  The Company (a) makes no representations or warranty with respect to the transactions contemplated hereunder, including, without limitation, with respect to the legality of the transfer and sell of the Transferred Shares hereunder, (b) shall in no event be liable for any obligations, liabilities, claims or any expenses related to the transactions contemplated hereunder and the Transferor will promptly reimburse the Company (or any of its affiliates, directors, officers, employees or agents (collectively, "Company Affiliates")) for any expenses or liabilities incurred by the Company or any Company Affiliates in connection with claims, disputes or similar actions as a result of the transactions contemplated hereunder; provided,

OHSUSA:766750314.1
26190-1

however, that nothing in this Section 7 shall in any way limit the Company's right to claim any benefits inuring to it under any other sections of this Agreement, the Purchase Agreements, and the Related Agreements. The Company Affiliates are third party beneficiaries with respect to this Section 7.

8.    **Company Consent.**  The Company fully consents to the transfer and sell of the Transferred Shares under this Agreement and the Purchase Agreements. The Company is a party to this Agreement solely for purposes of (a) agreeing and acknowledging the Transferee rights under the Related Agreements in Section 5 and (b) Section 9(e) (further transfers of stock) and, except as otherwise set forth herein, makes no representation or warranty as to the legality of the transfer and sell of the Transferred Shares hereunder; provided, however, that nothing in this Section 8 shall in any way limit the Company's right to claim any benefits inuring to it under any other sections of this Agreement.

9.    **Miscellaneous.**

(a)    **Governing Law.**  This Agreement and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of the State of California, without giving effect to its principles of conflicts of law.

(b)    **Entire Agreement; Amendment.**  Except as expressly set forth herein, this Agreement sets forth the entire agreement and understanding of the parties relating to the subject matter herein and merges all prior discussions between them.  No modification of or amendment to this Agreement, nor any waiver of any rights under this Agreement, shall be effective unless in writing signed by the Company and the Transferor.

(c)    **Notices.**  Any notice required or permitted by this Agreement shall be in writing and shall be deemed sufficient when delivered personally or sent by fax (as evidenced by sender's confirmation receipt) or forty-eight (48) hours after being deposited in the U.S. mail, as certified or registered mail, with postage prepaid, and addressed to the party to be notified at such party's address as set forth below or as subsequently modified by written notice.

(d)    **Counterparts.**  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument.

(e)    **Successors and Assigns; Transfer of Transferred Shares.**  The rights and obligations of Transferee under this Agreement may only be assigned with the prior written consent of the Company.  Transferee understands that the Company is entitled to withhold its consent to transfer of the Transferred Shares or assignment of Transferee's rights and obligations under this Agreement, and may require that Transferee require as a condition to any such transfer or assignment that Transferee's transferees or assigns execute an agreement similar to this Agreement or otherwise agree to be bound by terms and conditions similar to those contained in this Agreement.

*[Signature page follows]*

OHSUSA:766750314.1
26190-1

The parties have executed this Stock Transfer Agreement as of the date first set forth above.

**TRANSFEROR:**
**The Daniel V. Tierney 2011 Trust**

By: _____     Emma Cuadrado, Trustee

Address:   c/o Wicklow Capital Inc.
                737 N. Michigan Ave., Suite 2100
                Chicago, IL 60611

**TRANSFEROR:**
**Serenity Investments LLC**

By: _____     President of Final Finish Inc., Manager
                                                    of Serenity Investments LLC

Address:   c/o Final Finish Inc.
                1010 Lake Street, # 200
                Oak Park, IL 60301

**TRANSFEREE:**
**Sun Hung Kai Strategic Capital Limited**

*For and on behalf of*
SUN HUNG KAI STRATEGIC CAPITAL LIMITED
新鴻基策略資本有限公司

.....................................................
*Authorized Signature(s)*

By: _____

Address:   42/F, Lee Garden One, 33 Hysan Avenue

                Causeway Bay, Hong Kong

COMPANY:
SOCIAL FINANCE, INC.

By: _____

Name:   MICHAEL CAGNEY

Title:   CHIEF EXECUTIVE OFFICER

Address:   ONE LETTERMAN DR #A4700

           SAN FRANCISCO, CA  94129

OHSUSA:766750314.1
26190-1

## EXHIBIT A

### ASSIGNMENT SEPARATE FROM CERTIFICATE

      Pursuant to that certain Stock Transfer Agreement (the "Agreement") dated as of the date hereof, by and among the undersigned ("Transferor"), __Sun Hung Kai____ (the "Transferee"), and Social Finance, Inc., the Transferor hereby agrees to transfer and sell unto the Transferee ___101,640__ shares of the Company's Series E Preferred Stock, standing in the name of the Transferor on the Company's books and represented by the Series E Preferred Stock Certificate __   ___, and does hereby irrevocably constitute and appoint Orrick, Herrington & Sutcliffe LLP to transfer said stock on the books of the Company with full power of substitution in the premises.

Dated: __August 21, 2017_____

The Daniel V. Tierney 2011 Trust

By:___*Cuadrado*____Emma Cuadrado, Trustee

Address:    c/o Wicklow Capital Inc._____
          737 N. Michigan Ave., Suite 2100
          Chicago, IL 60611_____

Serenity Investments LLC

By:___*Stephen Schally*___  President of Final Finish Inc., Manager
                        of Serenity Investments LLC

Address:    c/o Final Finish Inc._____
          1010 Lake Street, # 200
          Oak Park, IL 60301_____

# EXHIBIT B





May 13, 2021

Dear SoFi Shareholder,

As previously announced, Social Finance, Inc. ("SoFi") has entered into a definitive agreement (the "Merger Agreement") providing for a business combination with Social Capital Hedosophia Holdings Corp. V ("SCH") (NYSE: IPOE), a publicly-traded special purpose acquisition company (the "Merger"). Upon the Merger closing, which, subject to the satisfaction of certain closing conditions, we expect will occur, promptly following, and subject to, the approval by SCH shareholders of the Merger and related matters at the SCH extraordinary general meeting scheduled for May 27, 2021, SCH will be renamed SoFi Technologies, Inc. ("SoFi Technologies") and all of SoFi's outstanding equity securities will be exchanged for equity securities in SoFi Technologies at the applicable exchange ratios, as provided in the Merger Agreement. We expect that shares of SoFi Technologies common stock will be listed on the Nasdaq Global Select Market ("Nasdaq") under the symbol "SOFI". In this letter, we refer to shares of common stock of SoFi Technologies as "SOFI Shares".

We are sending this letter to provide answers to questions you may have about the process for receiving your SOFI Shares upon and subject to the closing of the Merger. Following the Merger closing, you will have the option to receive direct delivery of your SOFI Shares into a SoFi Invest account or to transfer your shares to a brokerage account of your choosing, subject to the expiration of the applicable lock-up period.

***For book-entry shareholders***: Shortly following the closing of the Merger, you will receive a book-entry account statement in the mail from Continental Stock Transfer & Trust Company ("Continental"), SoFi Technologies' transfer agent, which will include the legal name under which your SOFI Shares were issued, your contact address and Continental account number, and the number of SOFI Shares for which your existing SoFi securities were exchanged in the Merger and were issued to you in "book-entry" (i.e., electronic) form on the books of SoFi Technologies at Continental. You will be the registered owner of your SOFI Shares.

***For physical certificate holders***: Certain SoFi shareholders hold physical stock certificates representing their SoFi securities. If as of the Merger closing you hold physical stock certificates, then shortly following the Merger closing, Continental will provide you with a Letter of Transmittal which you will need to complete and return to Continental along with your physical certificates or a lost certificate affidavit.  The Letter of Transmittal will provide detailed instructions on the process for exchanging

1



the physical certificates representing your SoFi securities into book-entry SOFI Shares. To facilitate the exchange of current SoFi shares for publicly-traded SOFI Shares upon closing of the Merger, we are offering SoFi shareholders the opportunity to convert all SoFi securities represented by physical certificates to book-entry form SoFi securities prior to the closing of the Merger. You may convert your physical stock certificates into book-entry form SoFi securities prior to the Merger closing by express mailing or delivering your physical stock certificates to the below address, to be received no later than **May 21, 2021.**

> **Social Finance, Inc.**
> **ATTN: Deanna Smith, Legal Department**
> **RE: SOFI SHARES**
> **234 1st Street, San Francisco, CA 94105**
> **Phone: (415) 612-8229**

If your physical certificates have been lost, stolen or destroyed, you may convert your physical certificates to book-entry form prior to the Merger closing by providing a signed lost certificate affidavit, a form of which can be found at the end of this letter. You may email a signed and notarized copy of your lost certificate affidavit to ir@sofi.org. Upon receipt of your signed and notarized lost certificate affidavit no later than **May 21, 2021**, we will replace your applicable physical certificates with the equivalent number of book-entry shares.

By returning your physical certificates, or a completed lost certificate affidavit in lieu of your physical certificates, to the address above, you are deemed to have consented to the permanent conversion of your physical certificates to book-entry form SoFi securities.

We strongly encourage you to return your physical certificates by the aforementioned deadline to expedite the share exchange process. Physical certificateholders who have previously provided us with their contact information can expect to receive a follow-up letter with additional details on the conversion process.

If you are unable to meet the May 21, 2021 deadline, or if you prefer to retain your physical certificates and have them converted into book-entry form SOFI Shares following the Merger closing, your share conversion process will be handled by Continental, SoFi Technologies' Transfer Agent, as described above.



If you are uncertain whether your shares are in book-entry or physical certificate form, please email ir@sofi.org and we will be happy to confirm.

## ARE MY SOFI SHARES SUBJECT TO A LOCK-UP PERIOD?

The SoFi Technologies bylaws in effect at the closing of the Merger will provide that all SOFI Shares held by pre-closing SoFi shareholders will be subject to a 30-day lock-up period from the date the Merger closes. A more detailed description of both this bylaw lockup provision and the aforementioned exchange ratios is outlined in the definitive proxy statement/prospectus for the Merger, which is available on the following SEC website:

https://www.sec.gov/Archives/edgar/data/0001818874/000162828021009507/ipoe-4 24b3.htm

Note that the SoFi Technologies bylaws are subject to change and the SOFI Shares you receive in the Merger will be subject to the final SoFi Technologies bylaws that will be in effect when the Merger closes. Your SOFI Shares may also be subject to additional contractual transfer restrictions. You will only be able to sell your SOFI Shares once the applicable lock-up period has expired and any other applicable transfer restrictions have been lifted.

## HOW DOES THE SOFI INVEST ACCOUNT WORK?

In keeping with our member-first values, we are delighted to be able to offer both existing SoFi members and any potential new members the ability to receive their SOFI Shares directly into a SoFi Invest account following the Merger closing. Please note that SOFI Shares can only be deposited in individual "Active Investing" accounts and shareholders are responsible for tracking the appropriate cost basis information for their respective shares. This option is not available for institutional accounts.

**Existing** SoFi Members:

1. Go to https://www.sofi.com/investors/ and click "Sign up for Invest Account Share Deposit." Please ensure to input your individual active account number.
    a. To find your SoFi Invest account #: From the "Home" tab of the SoFi App, click on the drop down arrow to the far right of the white "Invest" ribbon. The 8 figures (mix of digits & letters) following "Individual#" is your account number.
    b. If you nicknamed your individual account, select the account from the home screen, and then select "Manage" (below the gear icon) and you will find your individual account number at the bottom of the screen.

3



2. Look out for an email from SoFi Invest (Subject: Accept your SOFI Shares).
3. Follow the link provided in the email to certify the transfer of the SOFI Shares that you will receive upon closing of the Merger into your SoFi Invest account.
4. You may trade your SOFI Shares following the expiration of the applicable lock-up period and any other applicable transfer restrictions.

**New** SoFi Members:

1. To open a SoFi Invest account go to https://www.sofi.com/invest/ on your desktop or download the SoFi app on your mobile device from the App Store, then tap on the Invest tab. There you will find step-by-step instructions on how to get started.
2. Once approved, go to https://www.sofi.com/investors/ and click "Sign up for Invest Account Share Deposit." Please ensure to input your individual active account number.
   a. To find your SoFi Invest account #: From the "Home" tab of the SoFi App, click on the drop down arrow to the far right of the white "Invest" ribbon. The 8 figures (mix of digits & letters) following "Individual#" is your account number.
   b. If you nicknamed your individual account, select the account from the home screen, and then select "Manage" (below the gear icon) and you will find your individual account number at the bottom of the screen.
3. Look out for an email from SoFi Invest (Subject: Accept your SOFI Shares).
4. Follow the link provided in the email to certify the transfer of the SOFI Shares that you will receive upon closing of the Merger into your SoFi Invest account.
5. You may trade your SOFI Shares following the expiration of the applicable lock-up period and any other applicable transfer restrictions.

## WHAT IF I PREFER TO HAVE MY SOFI SHARES DELIVERED TO MY EXISTING BROKERAGE ACCOUNT?

Not a problem. In order to transfer the SOFI Shares that you will receive upon closing of the Merger from Continental to your brokerage account, your broker will need to have an account with access to the Direct Registration System ("DRS") or the Deposit/Withdrawal at Custodian ("DWAC") system in the U.S. If your broker does not have access to DRS or DWAC or you do not know whether your broker has access to DRS or DWAC, please contact your broker.

4



Shareholders who would like to move the SOFI Shares that they will receive upon closing of the Merger into their brokerage account will need to deliver the DRS statement received from Continental following the closing of the Merger to their broker and request that the broker move the SOFI Shares into their brokerage account through the DRS system. DRS is an automated system that requires certain identification information that must be an exact match (including full name, number of shares, shareholder account number, social security number, and tax identification number). For non-U.S. residents that do not have a U.S. tax identification number, your broker should know to enter all 9s in the tax identification number field. Please note, your SOFI Shares will be delivered to your brokerage account upon the expiration of the applicable lock-up period.  Once the lock-up period has expired, the share transfer process  is expected to take anywhere from two business days to a few weeks depending on your broker's policies and requirements.

## WHO CAN I REACH OUT TO  WITH QUESTIONS?

Please reach out to ir@sofi.org with any questions regarding the Merger or your current SoFi equity holdings. We would also kindly request that you input your most up-to-date contact information to help facilitate the share transfer process by visiting our website at https://www.sofi.com/investors/ and selecting "Update your Contact Information."

If you would like a copy of the definitive proxy statement/prospectus for the Merger filed with the Securities and Exchange Commission by SCH, please visit https://www.sec.gov/Archives/edgar/data/0001818874/000162828021009507/ipoe-4 24b3.htm.

We appreciate your cooperation as we embark on this exciting new chapter of SoFi's journey!

Sincerely,

The SoFi Team

5

# EXHIBIT C

**Social Finance, Inc.**

**<u>Affidavit of Lost Stock Certificate</u>**

The undersigned hereby declares, under penalty of perjury, for the purpose of inducing Social Finance, Inc., a Delaware corporation (the "<u>Company</u>") to issue in "book-entry" uncertificated form new Stock Certificates to replace the following Stock Certificates originally issued in physical form (the "<u>Original Certificate</u>"):

1.   The undersigned was the owner of the shares of the Company's Stock (in the amount and Series indicated, the "<u>Shares</u>") represented by the Original Certificates set forth on Appendix 1 hereto.

2.   The undersigned has examined their records and is unable to find the Original Certificates.

3.   The undersigned has not pledged or sold the Shares or any portion of the Shares represented by the Original Certificate, nor has made any other transfer of all or any portion of the Shares.

The undersigned hereby requests the replacement of the Original Certificates with new "book-entry" uncertificated Stock Certificates in the name of the undersigned, representing the Shares, and agrees to defend and indemnify the Company and the Company's transfer agent, if any, and hold them harmless from any damage or loss caused by the loss of the Original Certificate, or the issuance of the new "book-entry" uncertificated Stock Certificates.  In the event of discovery of the Original Certificate, the undersigned agrees to promptly return it, marked cancelled, to the Company.

SUN HUNG KAI STRATEGIC CAPITAL LIMITED
**Name of Shareholder**


(Signature)

Name:     Robert Quinlivan / Elsy Li
Title:      Group CFO / Group Treasurer

**Information below is to be completed by notary.**

State of _____          County of _____

Notary Public, personally appeared _____ personally known to me or proven to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity on behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

                                        ,  Notary Public    (Affix Notarial Seal)

My Commission expires:

**APPENDIX 1**
**ORIGINAL CERTIFICATES**

| Certificate Number | Number of Shares |
|---|---|
| CS-1026 | 15304 |
| CS-1028 | 153868 |
| CS-1336 | 5983 |
| CS-1337 | 5000 |
| CS-1339 | 1000 |
| CS-1340 | 29469 |
| CS-1341 | 16875 |
| CS-1342 | 13108 |
| CS-1343 | 23393 |
| CS-1485 | 3016 |
| PA-198 | 51656 |
| PA-200 | 1917 |
| PB-151 | 1215 |
| PB-153 | 5589 |
| PC-251 | 2588 |
| PC-252 | 11878 |
| PD-101 | 233828 |
| PE-59 | 218700 |
| PE-82 | 40656 |
| PE-83 | 60984 |
| PF-56 | 125858 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# EXHIBIT D



**Baker & McKenzie LLP**

Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
United States

Tel: +1 415 576 3000
Fax: +1 415 576 3099
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

\* Associated Firm
\*\* In cooperation with
Trench, Rossi e Watanabe
Advogados

November 7, 2021

**By email  paul@shkco.com**

Mr. Paul Olivera
Sun Hung Kai & Co.
42/F, Lee Garden One, 33 Hysan Ave Causeway Bay
HONG KONG

RE:     ***Return of the Daniel V. Tierney 2011 Trust and Serenity Investments LLC's Stock
Certificates***

Mr. Olivera:

We represent the Daniel V. Tierney 2011 Trust and Serenity Investments LLC  ("Wicklow") and
are writing to you in regard to 177,138 shares of Social Finance, Inc. ("SOFI") stock that belong to
Wicklow but are being improperly held by Sun Hung Kai.  As you are aware, Series E certificates
for these shares were transferred by SOFI to Sun Hung Kai at Sun Hung Kai's direction
notwithstanding the fact that Sun Hung Kai did not own the shares and was not entitled to hold them
in any capacity.  It is problematic that Sun Hung Kai would have misrepresented that it was entitled
to the shares in the first place but it is patently unacceptable that the shares have not been returned
to their rightful owner.

We hereby demand that Sun Hung Kai immediately and without any further delay transfer all
177,138 shares of SOFI to Wicklow.  *If the shares are not transferred immediately, but in any
event no later than close of business Pacific time on November 10, Wicklow will pursue all
available legal and equitable remedies as a result of Sun Hung Kai's conduct and
misrepresentations.*  If you have outside counsel to whom you would like us to address this
correspondence, please let us know.

Sincerely,

Mark C. Goodman

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br>E-FILED<br>11/29/2021 5:44 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>21CV391855<br>Reviewed By: R. Tien<br>Envelope: 7750405 |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUN HUNG KAI STRATEGIC CAPITAL LIMITED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
 DANIEL V. TIERNEY 2011 TRUST AND SERENITY INVESTMENTS LLC

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: SUPERIOR COURT OF CALIFORNIA<br>*(El nombre y dirección de la corte es):* COUNTY OF SANTA CLARA<br>191 N. First Street, San Jose, CA 95113<br>Downtown Superior Courthouse | **CASE NUMBER:** *(Número del Caso):*<br>    21CV391855 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark C. Goodman, State Bar No. 154692 / Christina M. Wong, State Bar No. 288171
BAKER & McKENZIE LLP, Two Embarcadero Center, 11th Floor, San Francisco, CA  94111, Telephone:  +1 415 576 3000

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)*    11/29/2021 5:44 PM    Clerk of Court | Clerk, by<br>*(Secretario)* R. Tien | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

---

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100  [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Mark C. Goodman, State Bar No. 154692 / Christina M. Wong, State Bar No. 288171<br>BAKER & McKENZIE LLP<br>Two Embarcadero Ctr., 11th Floor<br>San Francisco, CA  94111 | *FOR COURT USE ONLY* |

TELEPHONE NO.:  415.576.3000          FAX NO. *(Optional):*  415.576.3099
E-MAIL ADDRESS *(Optional):*  mark.goodman@bakermckenzie.com
ATTORNEY FOR *(Name):*  Plaintiff Daniel V. Tierney 2011 Trust and Serenity Investments LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA**
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Daniel V. Tierney 2011 Trust and Serenity Investments LLC<br>DEFENDANT/RESPONDENT:  Sun Hung Kai Strategic Capital Ltd. | CASE NUMBER:<br>21CV391855 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a.  ☑  summons

    b.  ☑  complaint

    c.  ☐  Alternative Dispute Resolution (ADR) package

    d.  ☑  Civil Case Cover Sheet *(served in complex cases only)*

    e.  ☐  cross-complaint

    f.  ☑  other *(specify documents):* Alternative Dispute Resolution Information Sheet; Civil Lawsuit Notice

3.  a.  Party served *(specify name of party as shown on documents served):*
        SUN HUNG KAI STRATEGIC CAPITAL LIMITED

    b.  ☐  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
            under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served:
    28/F, Lee Garden One, 33 Hysan Avenue - Causeway Bay, Hong Kong

5.  I served the party *(check proper box)*

    a.  ☐  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
            receive service of process for the party   (1) on *(date):*                    (2) at *(time):*

    b.  ☐  **by substituted service.** on *(date):*              at *(time):*              I left the documents listed in item 2 with or
            in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
                of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
                address of the person to be served, other than a United States Postal Service post office box. I informed
                him or her of the general nature of the papers.

        (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
                at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
                *(date):*            from *(city):*                **or** ☐ a declaration of mailing is attached.

        (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

**PROOF OF SERVICE OF SUMMONS**          Code of Civil Procedure, § 417.10

**POS-010**

| PLAINTIFF/PETITIONER:   Daniel V. Tierney 2011 Trust and Serenity Investments LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Sun Hung Kai Strategic Capital Ltd. | 21CV391855 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*              (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☑  **by other means** *(specify means of service and authorizing code section):*
On December 15, 2021, service was made by U.S. Mail, Registered, with Return Receipt Requested, postage prepaid, in accordance with Article 5(a) of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, and pursuant to Rules of the High Court of Hong Kong, Order 10, Rule 1(2).

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of  *(specify):*

  c.  ☐  as occupant.

  d.  ☑  On behalf of *(specify):* SUN HUNG KAI STRATEGIC CAPITAL LIMITED
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☑  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| | ☐  other: |

7.  **Person who served papers**

  a.  Name:  Nada Hitti

  b.  Address:  Baker & McKenzie LLP, Two Embarcadero Center, Suite 1100, San Francisco, CA  94111

  c.  Telephone number: 415.576.3000

  d.  **The fee** for service was: $

  e.  I am:

    (1)  ☑  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☐  a registered California process server:

        ☐  owner    ☐  employee    ☐  independent contractor.

      (ii)  Registration No.:

      (iii)  County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  **or**

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: January 11, 2022

Nada K. Hitti
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Nada K. Hitti*
_____
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

1  Mark C. Goodman, State Bar No. 154692
   mark.goodman@bakermckenzie.com
2  Christina M. Wong, State Bar No. 288171
   christina.wong@bakermckenzie.com
3  **BAKER & McKENZIE LLP**
   Two Embarcadero Center, 11th Floor
4  San Francisco, CA  94111
   Telephone:  +1 415 576 3000
5  Facsimile:  +1 415 576 3099

6  Attorneys for Plaintiffs
   DANIEL V. TIERNEY 2011 TRUST AND SERENITY
7  INVESTMENTS LLC.

8

9                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF SANTA CLARA**

11

12  DANIEL V. TIERNEY 2011 TRUST AND            Case No. 21CV391855
    SERENITY INVESTMENTS LLC,
13                                              Date Complaint Filed:
              Plaintiffs,                       November 29, 2021
14
         v.
15                                              **PLAINTIFFS' NOTICE OF**
    SUN HUNG KAI STRATEGIC CAPITAL             **WITHDRAWAL OF PROOF OF**
16  LIMITED,                                    **SERVICE OF SUMMONS**

17            Defendant.

18

19

20

21

22

23

24

25

26

27

28

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/24/2022 5:19 PM
Reviewed By: R. Burciaga
Case #21CV391855
Envelope: 8126739

1    TO THE CLERK OF THE COURT AND TO ALL PARTIES IN THE ACTION:

2    Plaintiffs Daniel V. Tierney 2011 Trust and Serenity Investments LLC hereby give notice

3 that they withdraw the Proof of Service of Summons, Complaint and other Court-issued

4 documents, filed with the Court on January 11, 2022.  A true and correct copy is hereto attached

5 as **Exhibit 1.**

6

7                                             Respectfully submitted,

8    Dated:  January 24, 2022            **BAKER & McKENZIE LLP**

9

10                                        By: _____
                                              Mark C. Goodman
11                                        Attorneys for Plaintiffs
                                          DANIEL V. TIERNEY 2011 TRUST AND
12                                        SERENITY INVESTMENTS LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Mark C. Goodman, State Bar No. 154692 / Christina M. Wong, State Bar No. 288171
BAKER & McKENZIE LLP
Two Embarcadero Ctr., 11th Floor
San Francisco, CA  94111

TELEPHONE NO.: 415.576.3000    FAX NO. *(Optional)*:  415.576.3099
E-MAIL ADDRESS *(Optional)*:  mark.goodman@bakermckenzie.com
ATTORNEY FOR *(Name)*:  Plaintiff Daniel V. Tierney 2011 Trust and Serenity Investments LLC

**FOR COURT USE ONLY**

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/11/2022 12:10 PM
Reviewed By: R. Fleming
Case #21CV391855
Envelope: 8032191**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:  Downtown Superior Courthouse

PLAINTIFF/PETITIONER:  Daniel V. Tierney 2011 Trust and Serenity Investments LLC
DEFENDANT/RESPONDENT:  Sun Hung Kai Strategic Capital Ltd.

CASE NUMBER:
21CV391855

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Alternative Dispute Resolution Information Sheet; Civil Lawsuit Notice

3. a. Party served *(specify name of party as shown on documents served)*:
   SUN HUNG KAI STRATEGIC CAPITAL LIMITED

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   28/F, Lee Garden One, 33 Hysan Avenue - Causeway Bay, Hong Kong

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date)*:                          (2) at *(time)*:

   b. ☐ **by substituted service.** on *(date)*:                  at *(time)*:          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:                from *(city)*:                    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER:   Daniel V. Tierney 2011 Trust and Serenity Investments LLC<br>DEFENDANT/RESPONDENT:   Sun Hung Kai Strategic Capital Ltd. | CASE NUMBER:<br>21CV391855 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☑ **by other means** *(specify means of service and authorizing code section):*
On December 15, 2021, service was made by U.S. Mail, Registered, with Return Receipt Requested, postage prepaid, in accordance with Article 5(a) of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, and pursuant to Rules of the High Court of Hong Kong, Order 10, Rule 1(2).

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* SUN HUNG KAI STRATEGIC CAPITAL LIMITED
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☑ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: Nada Hitti

  b. Address: Baker & McKenzie LLP, Two Embarcadero Center, Suite 1100, San Francisco, CA  94111

  c. Telephone number: 415.576.3000

  d. **The fee** for service was: $

  e. I am:

    (1) ☑ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

        ☐ owner   ☐ employee   ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: January 11, 2022

Nada K. Hitti
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Nada K. Hitti*
_____
(SIGNATURE)

## PROOF OF SERVICE

1

2          I, Jennifer Ilas, declare as follows:

3          I am over the age of eighteen years and not a party to the case.  I am employed in the

County of Santa Clara, State of California, and my business address is

4    **BAKER & McKENZIE LLP,** 600 Hansen Way, Palo Alto, CA  94304; my email address is

5    jennifer.ilas@bakermckenzie.com.

6          On **January 24, 2022**, I served the attached:

7    **PLAINTIFFS' NOTICE OF WITHDRAWAL OF PROOF OF SERVICE OF SUMMONS**

8    on the parties in this action by placing true and correct copies thereof in sealed packages,

addressed as follows:

9

10   Joseph De Simone, Esq.               *Attorneys for Defendant*
     Glenn K. Vanzura, Esq.              SUN HUNG KAI STRATEGIC CAPITAL

11   Luc W. M. Mitchell, Esq.            LIMITED
     **Mayer Brown LLP**

12   1221 Avenue of the Americas
     New York, NY 10020-1001

13
     Tel: 212.506.2500

14
     LMitchell@mayerbrown.com

15   JDeSimone@mayerbrown.com
     GVanzura@mayerbrown.com

16

17   ☒    (BY U.S. MAIL)  I placed each such sealed, prepaid envelope, for collection and mailing at

18         Baker & McKenzie LLP, San Francisco, California, following ordinary business practices.
           I am familiar with the practice of collection for U.S. mail, said practice being that in the

19         ordinary course of business, correspondence is picked up at our office the same day as it is
           placed for collection pursuant to Code of Civil Procedure § 1013(a).  I am aware that on

20         motion of the party served, service is presumed invalid if postal cancellation date or postage
           meter date is more than one day after date of deposit for mailing in affidavit.

21
     ☒    (BY ELECTRONIC MAIL)  I caused said document(s) to be transmitted to the email

22         address(es) to the addressee(s) above.

23   I declare under penalty of perjury under the laws of the state of California that the foregoing is

true and correct.  Executed on **January 24, 2022** in Palo Alto, California.

24

25

26   _____
                       Jennifer Ilas

27

28

**CM-020**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Mark C. Goodman, State Bar No. 154692 / Christina M. Wong, State Bar No. 288171<br>BAKER & McKENZIE LLP<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA 94111<br>  TELEPHONE NO.: 415.576.3000    FAX NO. *(Optional):* 415.576.3099<br>E-MAIL ADDRESS *(Optional):* mark.goodman@bakermckenzie.com<br>ATTORNEY FOR *(Name):* Daniel V. Tierney 2011 Trust and Serenity Investments LLC | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Clara
  STREET ADDRESS: 191 N. First Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Jose, CA 95113
  BRANCH NAME: Downtown Superior Courthouse

PLAINTIFF/PETITIONER:  Daniel V. Tierney 2011 Trust, et al.

DEFENDANT/RESPONDENT:  Sun Hung Kai Strategic Capital Limited

| | |
|---|---|
| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND [✔] ORDER EXTENDING TIME TO SERVE AND [X] ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br><br>21CV391855 |
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE: February 1, 2022<br>DEPT.: 2    TIME: 8:15<br>Honorable Drew Takaichi |

1. Applicant *(name):*  Daniel v. Tierney 2011 Trust and Serenity Investments is
   a. [✔] plaintiff
   b. [ ] cross-complainant
   c. [ ] petitioner
   d. [ ] defendant
   e. [ ] cross-defendant
   f. [ ] respondent
   g. [ ] other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):*  November 29, 2021

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. [✔] Complaint
   b. [ ] Cross-complaint
   c. [ ] Petition
   d. [ ] Answer or other responsive pleading
   e. [ ] Other *(describe):*
       Summons, Civil Cover Sheet, Alternative Dispute Resolution Information Sheet, Civil Lawsuit Notice

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):*  January 28, 2022

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. [✔] None
   b. [ ] The following *(describe all, including the length of any previous extensions):*

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*
   Sun Hung Kai Strategic Capital Limited

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-020 [Rev. January 1, 2008] | **EX PARTE APPLICATION FOR EXTENSION OF TIME<br>TO SERVE PLEADING AND ORDERS** | Cal. Rules of Court,<br>rules 3.110, 3.1200–3.1207<br>*www.courtinfo.ca.gov* |

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| Daniel V. Tierney 2011 Trust, et al. v. Sun Hung Kai Strategic Capital | 21CV391855 |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

Plaintiffs attempted to serve the complaint on the defendant pursuant to the Hague Convention.  Defendant's counsel challenged service.  To attempt to avoid wasting the Court's time on a dispute, Plaintiffs agreed to

☑ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

Defendant Sun Hung Kai Strategic Capital Limited is headquartered in Hong Kong.  Plaintiffs are attempting Service of Process in accordance with the Hague Convention but, due to COVID-19, the U.S. Postal International Service has temporarily suspended service to Hong Kong.  Plaintiffs are diligently attempting to serve the defendant as required by The Hague and additional time is respectfully requested.

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:

May 1, 2022, assuming postal service resumes by then.

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given;  the date, time, and manner of giving notice;  what the parties or counsel were told and their responses; and whether opposition is expected)* or ☑ is not required *(state reasons)*:

Defendant Sun Hung Kai Strategic Capital Limited has not made an appearance in this case and its counsel has refused Plaintiffs' request to accept service of process of to avoid unnecessary cost and delay.  A courtesy copy of the complaint has already been sent to the defendant's counsel.  Substitute service may be required to avoid further delay.

☐ Continued on Attachment 10.

11. Number of pages attached:  2

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  January 28, 2022

Christina M. Wong - Baker & McKenzie LLP
_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

▶ _____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

**Order on Application is** ☐ **below** ☐ **on a separate document.**

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.

2. The pleading must be served and filed no later than *(date)*:

3. ☐ The case management conference is rescheduled to:

   a.  Date:

   b.  Time:

   c.  Place:

4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS**

**Attachment 7:**

re-serve the complaint but the defendant's counsel has refused to accept service on behalf of their client.

1

## PROOF OF SERVICE

2

I, Christine von Seeburg, declare as follows:

3

I am over the age of eighteen years and not a party to the case.  I am employed in the County
of San Francisco, State of California, and my business address is BAKER & McKENZIE LLP, Two
Embarcadero Center, 11th Floor, San Francisco, CA  94111; my email address is
christine.vonseeburg@bakermckenzie.com.

4

5

6

On **January 28, 2022**, I served the attached:

7

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND
FOR ORDER EXTENDING TIME TO SERVE**

8

as a courtesy copy on counsel for the defendant in this action by placing a true and correct copy
thereof in a sealed package, addressed as follows:

9

10

Joseph De Simone, Esq.                          *Attorneys for Defendant*
Glenn K. Vanzura, Esq.                          SUN HUNG KAI STRATEGIC CAPITAL
Luc W. M. Mitchell, Esq.                        LIMITED
**Mayer Brown LLP**
1221 Avenue of the Americas
New York, NY 10020-1001

11

12

13

14

Tel: 212.506.2500

15

LMitchell@mayerbrown.com
JDeSimone@mayerbrown.com
GVanzura@mayerbrown.com

16

17

☒       (BY U.S. MAIL)  I placed each such sealed, prepaid envelope, for collection and mailing at
Baker & McKenzie LLP, San Francisco, California, following ordinary business practices.  I
am familiar with the practice of collection for U.S. mail, said practice being that in the
ordinary course of business, correspondence is picked up at our office the same day as it is
placed for collection pursuant to Code of Civil Procedure § 1013(a).  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than one day after date of deposit for mailing in affidavit.

18

19

20

21

☒       (BY ELECTRONIC MAIL)  I caused said document(s) to be transmitted to the email
address(es) to the addressee(s) above.

22

23

I declare under penalty of perjury under the laws of the state of California that the foregoing
is true and correct.  Executed on **January 28, 2022** in San Francisco, California.

24

25

26

*Christine von Seeburg*
Christine von Seeburg

27

28

Case No. 21CV391855

PROOF OF SERVICE

**EFS-020**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO.: 288171 <br> NAME: Christina M. Wong <br> FIRM NAME: Baker & McKenzie LLP <br> STREET ADDRESS: Two Embarcadero Center, 11th Floor <br> CITY: San Francisco     STATE: CA     ZIP CODE: 94111 <br> TELEPHONE NO.: 415 576 3000     FAX NO.: <br> E-MAIL ADDRESS: christina.wong@bakermckenzie.com <br> ATTORNEY FOR (name): Plaintiffs | FOR COURT USE ONLY |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA <br> STREET ADDRESS: 191 N. First Street <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: San Jose, CA 95113 <br> BRANCH NAME: | |
| PLAINTIFF/PETITIONER: Daniel V. Tierney 2011 Trust, et al. <br> DEFENDANT/RESPONDENT: Sun Hung Kai Strategic Capital Limited <br> OTHER: | CASE NUMBER: <br> 21CV391855 |
| | JUDICIAL OFFICER: <br> Hon. Drew Takaichi |
| **PROPOSED ORDER (COVER SHEET)** | DEPT: <br> 2 |

---

**NOTE:** This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

---

1. Name of the party submitting the proposed order:

   Plaintiffs Daniel V. Tierney 2011 Trust and Serenity Investments LLC

2. Title of the proposed order:

   Ex Parte Application for Extension of Time to Serve Pleading and Order Extending Time to Serve and Order Continuing Case Management Conference

3. The proceeding to which the proposed order relates is:

   a. Description of proceeding: Ex parte application for extension of time to serve pleading

   b. Date and time: February 1, 2022

   c. Place: Department 2, Santa Clara County Superior Court, 191 N. First Street, San Jose, CA 95113

4. The proposed order was served on the other parties in the case.

---

Christina M. Wong
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

---

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

**EFS-020**

| CASE NAME: | CASE NUMBER: |
|---|---|
| Daniel V. Tierney 2011 Trust, et al. v. Sun Hung Kai Strategic Capital Limited | 21CV391855 |

## PROOF OF ELECTRONIC SERVICE
### *PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

   a. My residence or business address is *(specify):*

      Two Embarcadero Center, 11th Floor, San Francisco, CA  94111

   b. My electronic service address is *(specify):* christine.vonseeburg@bakermckenzie.com

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

   a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*

      Joseph de Simone, Esq.  JDeSimone@mayerbrown.com     Attorneys for Defendant
      Luc W.M. Mitchell  LMitchell@mayerbrown.com          Sun Hung Kai Strategic Capital
      Glenn K. Vanzura  GVanzura@mayerbornw.com            Limited
      Mayer Brown LLP

   b. To *(electronic service address of person served):* see above

   c. On *(date):* January 28, 2022

   ☐ Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 28, 2022

_____
Christine von Seeburg
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Christine von Seeburg*
(SIGNATURE OF DECLARANT)

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]   [ Save this form ]   [ Clear this form ]

CM-020

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Mark C. Goodman, State Bar No. 154692 / Christina M. Wong, State Bar No. 288171<br>BAKER & McKENZIE LLP<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA 94111<br>   TELEPHONE NO.: 415.576.3000   FAX NO. *(Optional):* 415.576.3099<br>E-MAIL ADDRESS *(Optional):* mark.goodman@bakermckenzie.com<br>ATTORNEY FOR *(Name):* Daniel V. Tierney 2011 Trust and Serenity Investments LLC | **FOR COURT USE ONLY** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara<br>   STREET ADDRESS: 191 N. First Street<br>   MAILING ADDRESS:<br>   CITY AND ZIP CODE: San Jose, CA 95113<br>   BRANCH NAME: Downtown Superior Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER:  Daniel V. Tierney 2011 Trust, et al.<br><br>DEFENDANT/RESPONDENT:  Sun Hung Kai Strategic Capital Limited |

| | |
|---|---|
| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE**<br>**PLEADING AND** [✓] **ORDER EXTENDING TIME TO SERVE AND**<br>[X] **ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>21CV391855 |
| **Note: This ex parte application will be considered without a personal appearance.**<br>**(See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE: February 1, 2022<br>DEPT.: 2    TIME: 8:15<br>Honorable Drew Takaichi |

1. Applicant *(name):*  Daniel v. Tierney 2011 Trust and Serenity Investments
   is
   a. [✓] plaintiff
   b. [ ] cross-complainant
   c. [ ] petitioner
   d. [ ] defendant
   e. [ ] cross-defendant
   f. [ ] respondent
   g. [ ] other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):*  November 29, 2021

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. [✓] Complaint
   b. [ ] Cross-complaint
   c. [ ] Petition
   d. [ ] Answer or other responsive pleading
   e. [ ] Other *(describe):*
      Summons, Civil Cover Sheet, Alternative Dispute Resolution Information Sheet,
      Civil Lawsuit Notice

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):*  January 28, 2022

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. [✓] None
   b. [ ] The following *(describe all, including the length of any previous extensions):*

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*
   Sun Hung Kai Strategic Capital Limited

Page 1 of 2

**EX PARTE APPLICATION FOR EXTENSION OF TIME**
**TO SERVE PLEADING AND ORDERS**

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| Daniel V. Tierney 2011 Trust, et al. v. Sun Hung Kai Strategic Capital | 21CV391855 |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

Plaintiffs attempted to serve the complaint on the defendant pursuant to the Hague Convention.  Defendant's counsel challenged service.  To attempt to avoid wasting the Court's time on a dispute, Plaintiffs agreed to

[✓] Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

Defendant Sun Hung Kai Strategic Capital Limited is headquartered in Hong Kong.  Plaintiffs are attempting Service of Process in accordance with the Hague Convention but, due to COVID-19, the U.S. Postal International Service has temporarily suspended service to Hong Kong.  Plaintiffs are diligently attempting to serve the defendant as required by The Hague and additional time is respectfully requested.

[ ] Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*

May 1, 2022, assuming postal service resumes by then.

10. Notice of this application under rules 3.1200–3.1207 [ ] has been provided as required *(describe all parties or counsel to whom notice was given;  the date, time, and manner of giving notice;  what the parties or counsel were told and their responses; and whether opposition is expected)* or [✓] is not required *(state reasons):*

Defendant Sun Hung Kai Strategic Capital Limited has not made an appearance in this case and its counsel has refused Plaintiffs' request to accept service of process of to avoid unnecessary cost and delay.  A courtesy copy of the complaint has already been sent to the defendant's counsel.  Substitute service may be required to avoid further delay.

[ ] Continued on Attachment 10.

11. Number of pages attached:  _2_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  January 28, 2022

Christina M. Wong - Baker & McKenzie LLP
_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

▶ _(signature)_
_____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

**Order on Application is** [ ] **below** [ ] **on a separate document.**

## ORDER

1. The application for an order extending time to serve and file the pleading is [ ] granted [ ] denied.

2. The pleading must be served and filed no later than *(date):*

3. [ ] The case management conference is rescheduled to:

   a. Date:

   b. Time:

   c. Place:

4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date: _____

_____
JUDICIAL OFFICER

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

**Attachment 7:**

re-serve the complaint but the defendant's counsel has refused to accept service on behalf of their client.

1

**PROOF OF SERVICE**

2

I, Christine von Seeburg, declare as follows:

3

I am over the age of eighteen years and not a party to the case.  I am employed in the County

4
of San Francisco, State of California, and my business address is BAKER & McKENZIE LLP, Two
Embarcadero Center, 11th Floor, San Francisco, CA  94111; my email address is

5
christine.vonseeburg@bakermckenzie.com.

6

On **January 28, 2022**, I served the attached:

7

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND
FOR ORDER EXTENDING TIME TO SERVE**

8

as a courtesy copy on counsel for the defendant in this action by placing a true and correct copy
9
thereof in a sealed package, addressed as follows:

10

Joseph De Simone, Esq.                          *Attorneys for Defendant*
11
Glenn K. Vanzura, Esq.                          SUN HUNG KAI STRATEGIC CAPITAL
Luc W. M. Mitchell, Esq.                        LIMITED
12
**Mayer Brown LLP**
1221 Avenue of the Americas
13
New York, NY 10020-1001

14
Tel: 212.506.2500

15
LMitchell@mayerbrown.com
JDeSimone@mayerbrown.com
16
GVanzura@mayerbrown.com

17

☒       (BY U.S. MAIL)  I placed each such sealed, prepaid envelope, for collection and mailing at
18               Baker & McKenzie LLP, San Francisco, California, following ordinary business practices.  I
am familiar with the practice of collection for U.S. mail, said practice being that in the
19               ordinary course of business, correspondence is picked up at our office the same day as it is
placed for collection pursuant to Code of Civil Procedure § 1013(a).  I am aware that on
20               motion of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than one day after date of deposit for mailing in affidavit.
21

☒       (BY ELECTRONIC MAIL)  I caused said document(s) to be transmitted to the email
22               address(es) to the addressee(s) above.

23

I declare under penalty of perjury under the laws of the state of California that the foregoing
is true and correct.  Executed on **January 28, 2022** in San Francisco, California.
24

25

*Christine von Seeburg*
26                                                      Christine von Seeburg

27

28

4                          Case No. 21CV391855

PROOF OF SERVICE

21CV391855
Santa Clara – Civil
Reviewed By: R Burciaga

on 1/28/2022 4:28 PM
Reviewed By: R Burciaga

Case #21CV391855                                                                CM-020
                                                                        R Burciaga

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Mark C. Goodman, State Bar No. 154692 / Christina M. Wong, State Bar No. 288171 <br> BAKER & McKENZIE LLP <br> Two Embarcadero Center, 11th Floor <br> San Francisco, CA 94111 <br> TELEPHONE NO.: 415.576.3000    FAX NO. *(Optional):* 415.576.3099 <br> E-MAIL ADDRESS *(Optional):* mark.goodman@bakermckenzie.com <br> ATTORNEY FOR *(Name):* Daniel V. Tierney 2011 Trust and Serenity Investments LLC | **FOR COURT USE ONLY** <br><br> Envelope: 8168828 <br><br> Filed <br> February 1, 2022 <br> Clerk of the Court <br> Superior Court of CA <br> County of Santa Clara <br> 21CV391855 <br> By: rburciaga <br><br> Signed: 2/1/2022 04:22 PM <br> *RBurciaga* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Courthouse

PLAINTIFF/PETITIONER: Daniel V. Tierney 2011 Trust, et al.

DEFENDANT/RESPONDENT: Sun Hung Kai Strategic Capital Limited

| | |
|---|---|
| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE** <br> **PLEADING  AND  [✔] ORDER EXTENDING TIME TO SERVE AND** <br> **[X] ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | CASE NUMBER: <br><br> 21CV391855 |
| **Note: This ex parte application will be considered without a personal appearance.** <br> **(See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE: February 1, 2022 <br> DEPT.: 2        TIME: 8:15 <br> Honorable Drew Takaichi |

1. Applicant *(name):* Daniel v. Tierney 2011 Trust and Serenity Investments
   is
   a. [✔] plaintiff
   b. [ ] cross-complainant
   c. [ ] petitioner
   d. [ ] defendant
   e. [ ] cross-defendant
   f. [ ] respondent
   g. [ ] other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):* November 29, 2021

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. [✔] Complaint
   b. [ ] Cross-complaint
   c. [ ] Petition
   d. [ ] Answer or other responsive pleading
   e. [ ] Other *(describe):*
      Summons, Civil Cover Sheet, Alternative Dispute Resolution Information Sheet,
      Civil Lawsuit Notice

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):* January 28, 2022

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. [✔] None
   b. [ ] The following *(describe all, including the length of any previous extensions):*

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*
   Sun Hung Kai Strategic Capital Limited

                                                                          Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Optional Use <br> Judicial Council of California <br> CM-020 [Rev. January 1, 2008] | **EX PARTE APPLICATION FOR EXTENSION OF TIME** <br> **TO SERVE PLEADING AND ORDERS** | Cal. Rules of Court, <br> rules 3.110, 3.1200–3.1207 <br> *www.courtinfo.ca.gov* |

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| Daniel V. Tierney 2011 Trust, et al. v. Sun Hung Kai Strategic Capital | 21CV391855 |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

Plaintiffs attempted to serve the complaint on the defendant pursuant to the Hague Convention. Defendant's counsel challenged service. To attempt to avoid wasting the Court's time on a dispute, Plaintiffs agreed to

☑ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

Defendant Sun Hung Kai Strategic Capital Limited is headquartered in Hong Kong. Plaintiffs are attempting Service of Process in accordance with the Hague Convention but, due to COVID-19, the U.S. Postal International Service has temporarily suspended service to Hong Kong. Plaintiffs are diligently attempting to serve the defendant as required by The Hague and additional time is respectfully requested.

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:

May 1, 2022, assuming postal service resumes by then.

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☑ is not required *(state reasons)*:

Defendant Sun Hung Kai Strategic Capital Limited has not made an appearance in this case and its counsel has refused Plaintiffs' request to accept service of process of to avoid unnecessary cost and delay. A courtesy copy of the complaint has already been sent to the defendant's counsel. Substitute service may be required to avoid further delay.

☐ Continued on Attachment 10.

11. Number of pages attached: 2

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 28, 2022

Christina M. Wong - Baker & McKenzie LLP
_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

► *(signature)*
_____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

**Order on Application is** ☐ **below** ☐ **on a separate document.**

## ORDER

1. The application for an order extending time to serve and file the pleading is ☒ granted ☐ denied.

2. The pleading must be served and filed no later than *(date):* May 1, 2022

3. ☒ The case management conference is rescheduled to:
   a. Date: May 24, 2022
   b. Time: 1:30 P.M.
   c. Place: Dept. 2

4. Other orders:

Signed: 2/1/2022 03:00 PM

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date: February 1, 2022

_____
JUDICIAL OFFICER

**<u>Attachment 7:</u>**

re-serve the complaint but the defendant's counsel has refused to accept service on behalf of their client.

1

**PROOF OF SERVICE**

2

I, Christine von Seeburg, declare as follows:

3

I am over the age of eighteen years and not a party to the case.  I am employed in the County

4
of San Francisco, State of California, and my business address is BAKER & McKENZIE LLP, Two
Embarcadero Center, 11th Floor, San Francisco, CA  94111; my email address is

5
christine.vonseeburg@bakermckenzie.com.

6

On **January 28, 2022**, I served the attached:

7

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND
FOR ORDER EXTENDING TIME TO SERVE**

8

as a courtesy copy on counsel for the defendant in this action by placing a true and correct copy

9
thereof in a sealed package, addressed as follows:

10

Joseph De Simone, Esq.                          *Attorneys for Defendant*

11
Glenn K. Vanzura, Esq.                          SUN HUNG KAI STRATEGIC CAPITAL
Luc W. M. Mitchell, Esq.                        LIMITED

12
**Mayer Brown LLP**
1221 Avenue of the Americas

13
New York, NY 10020-1001

14
Tel: 212.506.2500

15
LMitchell@mayerbrown.com
JDeSimone@mayerbrown.com

16
GVanzura@mayerbrown.com

17

☒       (BY U.S. MAIL)  I placed each such sealed, prepaid envelope, for collection and mailing at

18
        Baker & McKenzie LLP, San Francisco, California, following ordinary business practices.  I
        am familiar with the practice of collection for U.S. mail, said practice being that in the

19
        ordinary course of business, correspondence is picked up at our office the same day as it is
        placed for collection pursuant to Code of Civil Procedure § 1013(a).  I am aware that on

20
        motion of the party served, service is presumed invalid if postal cancellation date or postage
        meter date is more than one day after date of deposit for mailing in affidavit.

21

☒       (BY ELECTRONIC MAIL)  I caused said document(s) to be transmitted to the email

22
        address(es) to the addressee(s) above.

23

I declare under penalty of perjury under the laws of the state of California that the foregoing

24
is true and correct.  Executed on **January 28, 2022** in San Francisco, California.

25

26
                                                Christine von Seeburg

27

28

PROOF OF SERVICE